IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
FREDERICK BANKS, United States )
Ex Rel, and KENNETH POSNER,    )
                               )
              Plaintiffs,      )     4:15CV3012
                               )
       v.                      )
                               )
NEW YORK POLICE DEPARTMENT,    )     MEMORANDUM OPINION
et al.,                        )
                               )
              Defendants.      )
_____)
```

Plaintiffs Frederick Banks and Kenneth Posner filed their complaint (Filing No. 1) on January 26, 2015.  Banks also filed a Motion for Leave to Proceed in Forma Pauperis (Filing No. 2).  The court now conducts an initial review of plaintiffs' complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

It appears from the face of the complaint that plaintiffs' claims are based on acts or omissions that allegedly occurred in the States of New York, Missouri, Pennsylvania, and Ohio.  None of the acts or omissions are alleged to have occurred

-2-

in the State of Nebraska.  In addition, there are no allegations suggesting that any defendant has any meaningful connection to the State of Nebraska.

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant.  *Northrup King v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995).  First, the Court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute."  *Id.*  "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment."  *Id.*  Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536, has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of the United States Constitution, *Ameritas Inv. Corp. v. McKinney*, 694 N.W.2d 191, 199 (Neb. 2005).  Thus, the Court need only analyze whether it may exercise personal jurisdiction over the named defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is

consistent with traditional notions of fair play and substantial justice." *Northrup King*, 51 F.3d at 1387 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)).

Plaintiffs have named approximately 60 defendants. Most are never mentioned in the body of the complaint. Of those who are mentioned in the body of the complaint, there is no allegation to suggest that there has been any contact or connection between them and the State of Nebraska. Plaintiffs do not describe anything that any defendant has done in the State of Nebraska that should have caused him or her to anticipate that he or she might be sued here. Accordingly, the Court finds that there is no proper basis apparent from the face of the complaint for exercising personal jurisdiction over any of these defendants in the District of Nebraska, and this action should be dismissed as to them for that reason. *See Sanders v. United States*, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal

jurisdiction, the Court may properly conclude, *sua sponte*, that the action should be summarily dismissed).

As for those defendants named only in the caption of the complaint, this action will be dismissed as to them for failure to state a claim upon which relief may be granted. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See [Krych v. Hvass, 83 Fed. Appx. 854, 855 (8th Cir. 2003)](#) (citing [Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)](#) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). A separate order will be entered in accordance with this memorandum opinion.

DATED this 31st day of March, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.